## SARAH P. LOVEJOY *vs.* GARDINER C. VOSE.

### Kennebec. Opinion November 16, 1881.

*Dower. Equity. Mortgage. Merger.*

When one is entitled to dower in an equity of redemption and the mortgage has not been redeemed, the remedy to enforce the claim of dower, would be in equity only.

A stranger to a mortgage debt paying it with his own funds, has a right in law or in equity, at his option, to take an assignment of the mortgage and claim secured, and uphold it as a valid subsisting mortgage, against the mortgagor and all claiming under him.

The general rule that when the legal and equitable estates are joined in the same person that of the mortgagee is merged in that of the mortgagor is not inflexible. It will depend upon the intention and interest of the person in whom the estates unite.

ON REPORT.

An action of dower which the plaintiff claimed in certain real estate in Augusta, as the widow of Loyal Lovejoy.

The opinion states the material facts.

*S. Lancaster*, for the plaintiff.

The plaintiff's husband had acquired a sufficient title to the land in which dower is claimed, by possession, if in no other way, to make her dowable. 1 Washburn on Real Property, 189, and cases there referred to.

The plaintiff was dowable in the equity of redemption, see R. S., c. 103, § 12. This statute expressly gives her dower in this equity of redemption against every one but the mortgagee and those claiming under him. And if, in the language of the statute, "the heirs of the husband, or other person claiming under him, redeems the mortgage, she shall repay such proportion of the money paid by him as her interest in the mortgaged premises bears to the whole value; else she shall be entitled to dower only according to the value of the estate after deducting the money paid for its redemption."

Now the plaintiff, acting under the above statute, would have her option either to pay her proportion of the mortgage and claim her dower in the whole estate, or without paying her proportion of the mortgage to take her dower in what is left after the mortgage is paid; for this the statute expressly provides, and gives her dower "according to the value of the estate, after deducting the money paid for its redemption."

The Massachusetts R. S., c. 60, § 2, is in all essential particulars like Maine. The Massachusetts statute was before the court in the case of *Newton* v. *Cook*, 4 Gray, 46, a case similar in all the main points to the present case, and the court held the action for dower was maintained under the statute; and in the opinion, the court say that the case of *Eaton* v. *Simonds*, 14 Pick. 108, was decided before the passage of c. 60, § 2. See also, *Wedge* v. *Moore*, 6 Cush. 8, cited in *McCabe* v. *Swap*, 14 Allen, 188; *Hatch* v. *Palmer*, 58 Maine, 271; *Loud* v. *Lane*, 8 Met. 518.

Again, when Carson bought the Nason mortgage and took an assignment of it to himself, he held the equity of redemption, and thus united the two titles of mortgagor and mortgagee in himself, and in so doing merged the mortgage in the fee and thereby extinguished the mortgage. 1 Hilliard, Mortgages, (2d ed.) 500, 501.

"At law such a coming together of the respective interests of mortgagor and mortgagee works a merger of the mortgagee's in that of the mortgagor, especially if it take place during the life of the mortgagor, and consequently it would let in the right of

the mortgagor's wife to dower the estate."     1 Washburn on Real Property, 185, and cases there referred to.

*G. C. Vose*, for the defendant, cited: *Moore* v. *Rollins*, 45 Maine, 493; *Simonton* v. *Gray*, 34 Maine, 50; *Pratt* v. *Skolfield*, 45 Maine, 386: *Wing* v. *Ayer*, 53 Maine, 141; *Crosby* v. *Chase*, 17 Maine, 369; *Richardson* v. *Skolfield*, 45 Maine, 385; 1 Wash. R. P. 186.

DANFORTH, J. The plaintiff seeks to recover dower in the premises described. Her right is denied on the ground that she is barred by a mortgage given by Palmer Lovejoy to Bartholomew Nason before the seizin of the husband. The evidence fails to show a title in the husband by adverse possession, therefore her right must depend upon the paper title.

So far as appears, Nason was the original owner and conveyed to Palmer Lovejoy in 1849, at the same time taking back a mortgage to secure a part or all of the purchase money. In 1854, the mortgage still outstanding, Palmer died leaving Loyal his heir, who thereby became seized of Palmer's right of redemption. This right he sold in 1855, and in 1858 it came to Noah G. Carson by purchase. In 1859, Carson procured by assignment from Nason, the mortgage given by Palmer. The two rights thus joined in Carson, were by sundry deeds conveyed to the defendant. It will thus be perceived that the plaintiff's right depends upon the force and effect of the mortgage. The husband was, during coverture, seized of the right of redemption, and nothing more. So long as the mortgage exists, it is a bar to the wife's claim as against the mortgagee and all holding under him.

The plaintiff contends that in any event she is entitled to dower in the equity and may maintain her action under R. S., c. 103, § 12. She may undoubtedly be entitled to dower in the equity if the mortgage has not been foreclosed, but if it can be upheld as an outstanding mortgage, it must first be redeemed before her dower can be set out, and her remedy would be in equity only. *Wing* v. *Ayer*, 53 Maine, 138; *Farwell* v. *Cotting*, 8 Allen,

211; *Simonton* v. *Gray*, 34 Maine, 50; *Richardson* v. *Skol-field*, 45 Maine, 386.

The statute referred to will authorize a suit at law only when the mortgage has been redeemed; then she may be endowed by paying her share of the money paid, or in the balance "after deducting the money paid for its redemption." Whether, then, the plaintiff is entitled to dower in the equity or in the whole estate, the important question to be first solved is whether the mortgage has been redeemed, or in any way discharged so that it cannot be sustained as a bar in whole or in part.

It is first claimed that it has been paid, so as notwithstanding the assignment, such payment shall operate as a discharge and that this payment was made by Carson, the first assignee. To bring about this result it must appear that the debt has been paid by some one who, in reality, stands in the place of the debtor either by a payment with his funds, or under an obligation arising from a contract with him directly or indirectly to pay the debt. A stranger to the debt paying with his own funds, has a right in law or in equity, at his option, to take an assignment of the mortgage and claim secured, and uphold it as a valid subsisting mortgage against the mortgagor and all claiming under him. These principles are well illustrated in *Hatch* v. *Palmer*, 58 Maine, 271; *Wedge* v. *Moore*, 6 Cush, 8; *McCabe* v. *Swap*, 14 Allen, 188; 1 Washburn on Real Property, third ed. 217.

There is no evidence whatever to show that Carson had any funds of the mortgagor, or of the husband, in his hands at the time of the assignment, nor that the payment of the mortgage was any part of the consideration for the conveyance of the equity of redemption, nor does it appear that he or his grantor had in any way assumed any liability for, or obligation to pay the debt. In fact the husband was not the mortgagor; his interest came to him by inheritance which left it optional with him to redeem or otherwise. He did not redeem, but sold his right to do so, and in the absence of proof to the contrary we must assume, sold just what he received. This right and no more came into the

possession of Carson and when he subsequently acquired the mortgage it was at his option, with the consent of the mortgagee to pay and discharge, or purchase and uphold it as a subsisting claim. That he elected the latter course is sufficiently evidenced, as is also the consent of the mortgagee by the assignment.

These suggestions will also apply to some extent to the claim of merger. It is undoubtedly the general rule that when the legal and equitable estates are joined in the same person, that of the mortgagee is merged in that of the mortgagor; but this rule is not inflexible. It will depend upon the intention and interest of the person in whom the estates unite. *Simonton* v. *Gray*, 34 Maine, 50. In this case the interest of the assignee certainly requires that the mortgage should be upheld, and such was clearly his intention. To do so works no injustice to the plaintiff, as her husband was never seized of any interest except the equity of redemption and she has no right of dower in any greater interest unless she obtains it by means of a payment by one upon whom she has no claim. The defendant has all the rights of Carson, which enable him as holder of the mortgage to resist the plaintiff's claim to that extent, thus bringing his case within the principle of *Richardson* v. *Skolfield*, above cited.

*Plaintiff nonsuit.*

Appleton, C. J., Walton, Barrows, Peters and Libbey, JJ., concurred.